LE BARON M. HUNTINGTON, Appellant, v. DANIEL SHEE-
HAN et al., Respondents.

*Corporations* — when renewal of fire insurance policy, by foreign company, not a transaction of business in this state — action to recover assessment.

Where defendants, residents of this state, in letters addressed to a fire insurance company in a foreign state, in effect proposed and solicited a renewal policy and the company in the foreign state received their solicitation, accepted their proposals and mailed to them the policy, there resulted not the transaction of business in this state but the consummation in the foreign state of a contract which was lawful here. An action to recover an assessment levied in accordance with the policy and the laws of the foreign state cannot, therefore, be successfully defended upon the ground that the insurance company had not obtained the proper certificate and permission to transact business in this state. (*Stone* v. *Penn Yan, K. P. & B. Railway*, 197 N. Y. 279, followed.)

*Huntington* v. *Sheehan*, 142 App. Div. 920, reversed.

(Argued October 9, 1912; decided November 19, 1912.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the third judicial department, entered January 11, 1911, affirming a judgment in favor of defendants entered upon a dismissal of the complaint by the court at a Trial Term without a jury.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Charles P. Blaney* for appellant. The ruling of the trial court that the contract was consummated in the state of New York and was illegal and void is error. (*Stone* v. *P. Y., K. P. & B. Ry.*, 197 N. Y. 279; *Hammond* v. *I. Ry. Co.*, 63 Misc. Rep. 437; *W. M. M. F. Ins. Co.* v. *Hilton*, 42 App. Div. 52; *Stevens* v. *Hein*, 37 App. Div. 542.) There was no evidence in this case that the Atlas Mutual Insurance Company did business in this state nor issued here the policy of insurance on which this suit was brought, and it never transacted business in New York state within the meaning of the Insurance Law. (L. 1892, ch. 690, § 9, 29, 30; L. 1893, ch. 725; *Penn Collieries Co.* v. *McKeever*, 183 N. Y. 98; *People ex rel. Tower Co.* v. *Wells*, 182 N. Y. 553; 98 App. Div. 82; *Page & Co.* v. *Sherwood*, 146 App. Div. 618; *New York Terra Cotta Co.* v. *Williams*, 102 App. Div. 1; *Boston Mutual Fire Ins. Co.* v. *Hendricks*, 41 Misc. Rep. 479; *Stone* v. *Penn Yan, etc., Ry.*, 197 N. Y. 279; *Tallapoosa Lumber Co.* v. *Holbert*, 5 App. Div. 559; *Vaughn Machine Co.* v. *Lighthouse*, 64 App. Div. 138.)

*Michael Danaher* for respondents. The alleged contract of insurance was consummated within the state of New York and was illegal and void. (Penal Law, §§ 1192, 1199; *Swing* v. *Dayton*, 124 App. Div. 58; 196 N. Y. 503; *Swing* v. *Munson*, 191 Penn. St. 528; *South Bay Co.* v. *Howey*, 113 App. Div. 385; *Wood & Selick* v. *Ball*, 190 N. Y. 217; *Portland Co.* v. *Hall & Grant Construction*

*Co.*, 123 App. Div. 495; *Thwing* v. *Great Western Ins. Co.*, 111 Mass. 93; *Millard* v. *Brayton*, 177 Mass. 533.)

HISCOCK, J. This action is brought by plaintiff as assignee to recover an assessment levied against the defendants as holders of a policy of fire insurance issued by the Atlas Mutual Insurance Company, a Massachusetts corporation. The assessment was levied in accordance with the policy and the laws of that commonwealth, and on this appeal no question is raised as to its amount and regularity, only one objection of another character being interposed to the right of plaintiff to recover. That one is that the alleged contract of insurance which is the basis of the right to levy the assessment was made in this state by the insurance company without having obtained the proper certificate and permission to transact business in this state.

The defendants did business in Elmira, and there was located the property covered by the policy. The policy on which rests the right to make the assessment was a renewal one. The company concededly never obtained any permission to transact business in this state. It has no office here and I find no definite evidence of the general transaction of business with other persons within the state. The original policy was the result of correspondence and a visit by the agent of the company to the defendants at Elmira. If we were considering that policy it might perhaps be a debatable question whether it was not a contract made within the state. But there is an absence of evidence to sustain an affirmative answer to this question in the case of the renewal policy here involved. Without reviewing the evidence at length we are of the opinion that its fair interpretation is that defendants in letters addressed to the company in Massachusetts in effect proposed and solicited a renewal policy and that the company in Massachusetts received their solicitation, accepted their proposals and mailed to them

the policy. This resulted not in the transaction of business in New York but in the consummation in Massachusetts of a contract which was lawful in New York. (*Stone* v. *Penn Yan, K. P. & B. Ry.*, 197 N. Y. 279.) Considerable stress is laid on the fact· that the last policy was a renewal one and, therefore, subject to the circumstances bearing on this question which surrounded the issue of the first policy. We are unable· to give to this argument the importance claimed for it by respondents. It may be assumed that for some purposes a renewal policy is an extension of the original one. But however this may be, respondents' last contract of insurance by which it received security and undertook obligations was made out by the second policy which was issued to them. Without that they had no insurance and incurred no liability and, therefore, the decisive question still is as to the validity of that contract and not of the first policy.

The judgment should be reversed and a new trial granted, with costs to abide event.

CULLEN, Ch. J., HAIGHT, VANN, WILLARD BARTLETT, CHASE and COLLIN, JJ., concur.

Judgment reversed, etc.